DECISION AND JUDGMENT ENTRY
This is a pro se appeal from a judgment of the Lucas County Court of Common Pleas, filed on October 25, 1999 that appellant, Keven A. McIntyre, "is not eligible for Judicial Release pursuant to R.C.2929.13(F)(2)." Appellant's sole assignment of error reads:
"ERROR NUMBER ONE:
 The trial court abused its discretion when it denied Defendant-Appellant's Motion for Judicial Release based solely on R.C. § 2929.13(F)(2), which directs the court to review section § 2967.13 [sic] of the revised code for the possibility of the offender's eligibility."
The record shows that on August 15, 1997, appellant was charged in an indictment filed by the grand jury sitting in Lucas County, Ohio, with two counts of rape, in violation of R.C.2907.02(A)(1)(b), and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Appellant initially entered a not guilty plea for all four counts. However, on October 8, 1997, he changed his plea to guilty on one count of rape and on one count of gross sexual imposition. The trial court accepted the pleas and found appellant guilty.
Appellant's argument is simple. He contends that he is eligible for early release from prison so that he can pursue more intensive counseling. He says the trial court should have applied the provisions found in R.C. 2929.20 or in R.C. 2967.13 to his case and should have granted him his requested early release from prison.
Appellee, the state of Ohio, replies that the trial court did not err when it denied appellant's request for early release. Appellee says that pursuant to the provisions found in R.C. 2929.20(A)(1) "defendants who, like appellant, are still serving mandatory prison terms are ineligible for judicial release * * *." Appellee then cites to the definition of "mandatory prison term" found in R.C. 2929.01(Z)(1) and argues that because appellant's crime of child rape fits the requirements of the definition of mandatory prison term, appellant is not entitled to an early release from prison.
Appellant argues in his reply brief that when he agreed to enter his guilty pleas, he was told "that he could receive a maximum basic prison term of fifteen (15) years of which zero is mandatory." He also contends that the revised code section cited by appellee for the definition of mandatory only establishes that a court must sentence persons who commit particular offenses to prison terms, but does not specify that the prison "term imposed be a mandatory or actual term of incarceration ***."
We have carefully reviewed the statutes cited by both appellant and appellee, and we conclude that appellant has a mistaken understanding of the definition of a mandatory sentence. The definition given for a mandatory sentence in R.C.2929.01(Z)(1) (effective July 1, 1996) that was in effect when appellant made his motion and the trial court made its ruling shows that a mandatory sentence refers to a requirement that trial courts impose prison sentences for particular offenses, and does not refer to a mandatory requirement regarding the length of time for those required prison sentences. The last sentence in the definition specifies: "Except as provided in sections 2925.02, 2925.03, 2925.04, 2925.05, and 2925.11 of the Revised Code, unless the maximum or another specific term is required under section2929.14 of the Revised Code, a mandatory prison term described in this division may be any prison term authorized for the level of offense."[1]
Therefore, if the trial court had no choice but to impose a prison sentence on appellant for his crimes, even if it had some leeway regarding the length of the prison sentence it imposed on appellant for his crimes, the sentences fit the definition of mandatory. Pursuant to the terms of R.C. 2929.13
(F)(2) and (3), persons who commit rape or gross sexual imposition on a victim who is under thirteen years of age must be sentenced to prison terms. Appellant entered guilty pleas to charges that fit those requirements. Therefore, the trial court was required by statute to impose a prison sentence on appellant for his crimes.
Furthermore, the trial court was correct when it ruled in response to appellant's motion for early release, that the terms of R.C. 2929.20(A)(1) specify that persons serving a mandatory prison sentence are not eligible for early release from prison, and that appellant falls into that category of persons. Appellant's sole assignment of error is not well-taken.
We further note that appellant filed a motion entitled
"NOTICE OF PROCEDURAL VIOLATION BY PLAINTIFF-APPELLEE, STATEOF OHIO." In his motion, appellant argues that this court cannot consider or rely upon some unreported cases cited by appellee in its brief to this court. Appellant's motion is rendered moot, because this court did not need to look any further than to statutory law to decide the arguments presented in this case.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Melvin L. Resnick, J., Mark L. Pietrykowski, J. JUDGES CONCUR.
[1] The definition statute, R.C. 2929.01, has since amended twice. However, while the definition of a mandatory sentence is now listed under a different subsection, R.C. 2929.01(Y)(1), (2), and (3), the substance of the definition remains unchanged.